UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-2,

        Plaintiff,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, *et al.*,

        Defendants.

Case No. 3:19-cv-00468-MMD-WGC

ORDER

## I. SUMMARY

This is a dispute about title insurance coverage that relates to a foreclosure sale by non-party Arrow Creek Homeowners Association ("HOA"). Defendant Fidelity National Title Insurance Company ("Fidelity") has filed a motion to dismiss all claims alleged against it under Fed. R. Civ. 12(b)(6) ("Motion"). (ECF No.11.) The Court has reviewed Plaintiff Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2007-2's ("Deutsche") response (ECF No. 23)[1] and Fidelity's reply (ECF No. 28). For the following reasons, the Court grants Fidelity's Motion.

## II. BACKGROUND

The following facts are taken from the Complaint (ECF No. 1) and attached exhibits unless otherwise indicated.

///

///

///

---

[1] Deutsche's response brief exceeds the 24-page brief limit under LR 7-3(b). Counsel is cautioned to comply with the Local Rules.

Alesandra M. Leckie and Robert G. Leckie ("Borrowers") purchased real property[2] on December 29, 2006, with a loan in the amount of $1,500,000 secured by a first deed of trust ("DOT"). (*Id.* at 3.) The DOT identified American Brokers Conduit ("ABC") as the lender, Western Title Company, Inc. as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary under the DOT—acting as a nominee for lender and lender's successors and assigns. (*Id.*) In 2011, all beneficial interest in the DOT was conveyed to Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2002-C by way of assignment. (*Id.*; ECF No. 1-4.) Deutsche became the assigned beneficiary under the DOT by way of corporate assignment recorded against the Property on March 22, 2018. (ECF No. 1-5.)

Fidelity's predecessor, Lawyers Title Insurance Corporation ("Lawyers Title") issued a title insurance policy ("Policy") in connection with the recordation of the DOT. (ECF No. 1-6.) The Policy identified ABC and its successors and/or its assigns as the insured. (*Id.* at 3.)

The Property is located within the HOA, and the HOA recorded a notice of delinquent assessment lien against the Property on November 9, 2010. (ECF No. 1 at 5.) The HOA sold the Property to LVDG LLC Series 180 ("Buyer") on March 20, 2014 ("HOA Sale"). (*Id.* at 5–6) Buyer subsequently conveyed its interest in the Property to Thunder Properties Inc. (Titleholder). (*Id.* at 6.)

Deutsche filed a complaint for quiet title against Buyer and Titleholder in state court. (*Id.*) The matter proceeded to trial and the state court entered an order quieting title in favor of Deutsche. (*Id.*) Litigation against the Buyer and Titleholder, among others, is ongoing. Deutsche has incurred significant attorneys' fees and costs defending its interest in the Property. (*Id.*)

///

///

---

[2] 10750 Renegade Court, Reno, Nevada 89511, APN: 152-662-04 (Property).

On July 28, 2015, Deutsche's servicer, Ocwen Loan Servicing, LLC, provided written notice to Lawyers Title that Titleholder was claiming an interest in the Property superior to the DOT. (*Id.* at 7.) The tender letter requested both indemnity and defense from Lawyers Title. (*Id.*) Fidelity responded on August 11, 2015, denying the claim on the basis that the claim did not fall within the insuring provisions of the Policy and that the HOA lien was created after the date the Policy issued. (*Id.*) Deutsche disputed the denial, but Fidelity maintained the denial in a second, subsequent letter. (*Id.* at 7–8.)

Deutsche asserts the following claims against Fidelity and Lawyers Title: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) breach of fiduciary duties; and (5) violation of NRS § 686A.310. (*Id.* at 8–13.) Deutsche seeks contractual damages, extra-contractual damages including attorneys' fees and costs, and punitive damages. (*Id.* at 13–14.)

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause

3

of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

While a court generally cannot consider matters beyond the pleadings on a motion to dismiss, the court may consider documents "'properly submitted as part of the complaint'" and "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quotations omitted).

**IV. DISCUSSION**

The Court finds that two decisions it has recently issued in similar cases—*Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Case No. 3:19-cv-00241-MMD-WGC, 2019 WL 5578487 (D. Nev. October 29, 2019) ("*Wells Fargo II*") and *HSBC Bank USA, National Association, As Trustee for the Holders of Deutsche Alt-A Securities, Inc., Mortgage Loan Trust Pass-Through Certificates Series 2007-OA3 v. Fidelity National Title Group, Inc. et al.*, Case No. 2:18-cv-02162-MMD-DJA, 2019 WL 5596392 (D. Nev. October 30, 2019) ("*HSBC*")—effectively resolve the Motion in favor of Fidelity.

**A. Breach of Contract**

Fidelity argues that Deutsche's claim for breach of contract fails because the claim is not covered under the Policy. (ECF No. 11 at 4–9.) In supporting its position, Fidelity

4

initially relied on two exclusions: paragraph 3(d) of the Exclusions from Coverage ("Exclusion 3(d)") (ECF No. 1-6 at 2) and an exception from coverage provided in Schedule B, part I, of the Policy (*id.* at 4). (ECF No. 11 at 4–7.) However, Fidelity has since decided that it need not rely on the latter.[3] (ECF No. 28 at 7.) Relevant to Exclusion 3(d), Deutsche argues that this exclusion is inapplicable because Nevada law—NRS §§ 116.3116(1) and 116.3116(9)—requires the Court to find that the HOA's lien was always in existence, as of the recording of its Covenants, Conditions and Restrictions ("CC&Rs"), and was perfected before the date of the Policy even if the lien could not yet be foreclosed on. (ECF No. 23 at 12–15.) To be clear, NRS § 116.3116(5) (2013) was the version of the latter subsection in effect at the time of the HOA Sale. Thus, to the extent the parties refer to NRS § 116.3116(9), the Court will deem them to mean NRS § 116.3116(5).

This Court has rejected the interpretation of NRS § 116.3116(5) which Deutsche presents here in *Wells Fargo II* and *HSBC*. *See Wells Fargo II*, 2019 WL 5578487, at *4; *HSBC*, 2019 WL 5596392, at *2. The Court does the same here. NRS § 116.3116(1) plainly states that the lien is created at the time of delinquency: "[t]he association has a lien . . . from the time the construction penalty, assessment or fine becomes due." Thus, the Court declines Deutsche's invitation to consider legislative history due to a purported ambiguity between subsections (1) and (5) (ECF No. 23 at 15–18). As previously indicated, the Court finds no such ambiguity: "[s]ubsection 5 simply relieves the lienholder of the obligation of recording the lien to perfect it." *Id.*[4]

As such, the Court agrees with Fidelity that Exclusion 3(d) bars coverage. Exclusion 3(d) specifically excludes coverage for loss or damage by reason of defects, liens or adverse claims, among other things, that attach or are created subsequent to the "Date of

///

---

[3]The Court therefore does not consider the opposing arguments concerning Schedule B. (ECF No. 23 at 18–19.)

[4]The Court particularly notes that it is not compelled to change its conclusion based on Deutsche's urging in reliance upon a Nevada state trial court's inconsistent findings in *Bayview Loan Serv., LLC v. Commonwealth Land Title Ins. Co.*, Case No. A-18-775917-C (*see* ECF No. 23 at 5 (citing ECF No 23-3)).

Policy." (ECF No. 1-6 at 2.) Here, the "Date of Policy" is December 29, 2006. (*Id.* at 3.) The defect—the HOA's lien for delinquent assessments—arose after this date because the HOA's lien did not first become due until 2010 (ECF No. 1-7). Accordingly, there can be no coverage per Exclusion 3(d).

Despite Exclusion 3(d), Deutsche argues that Endorsements 100 and 115.2 nonetheless afford coverage. (ECF No. 23 at 20–22.) The Court disagrees.

Deutsche first specifically contends that coverage exists under paragraphs 1(a) and 2(a) of Endorsement 100 (*see* ECF No. 1-6 at 7). (ECF No. 23 at 20–22.) The former provision insures against loss or damage which the insured shall sustain by reason of the existence of "[c]ovenants, conditions or restrictions under which the lien of the mortgage . . . can be cut off, subordinated, or otherwise impaired." (ECF No. 1-6 at 7.) The latter extends insurance for "[a]ny future violations on the land of any covenants, conditions or restrictions occurring prior to acquisition of title to the estate or interest . . . by the insured, provided such violations result in impairment or loss of the lien of the mortgage . . . ." (*Id.*) The Court analyzed similar provisions in *Wells Fargo II* and *HSBC*. Consistent with its findings in *Wells Fargo II*, the Court concludes that paragraph 1(a) does not provide coverage because Deutsche's loss occurred as a function of Nevada law—not the CC&Rs. *See* 2019 WL 5578487 at * 4 (citing *SFR Invs. Pool 1 v. U.S. Bank ("SFR 1")*, 334 P.3d 408, 414 (2014) (finding that an HOA lien constituted a true superpriority lien)).) Consistent with *HSBC*, the Court concludes that paragraph 2(a) does not provide coverage because it only speaks to "violations on land" and thus unambiguously extends only to physical violations. *See* 2019 WL 5596392, at *3.

The Court likewise rejects Deutsche's argument that Endorsement (CLTA Form) 115.2 extends coverage. (ECF No. 23 at 23–26.) Endorsement 115.2 insures against loss or damage sustained by reason of "the priority of any lien for charges and assessments at Date of Policy in favor of any association of homeowners." (ECF No. 1-6 at 12.) Thus, by its explicit language, this provision does not cover the HOA's lien, which the Court has found is a post-policy attachment. However, Deutsche further relies on a document that it

purports is Fidelity's endorsement manual, ALTA Endorsement-Form 1-06 (ECF No. 23-1 at 18–19), which it obtained after this Court decided *Wells Fargo II* and *HSBC* and which is admittedly a different version of Fidelity's endorsement with discrete language concerning coverage. (ECF No. 23 at 23–24.) Fidelity argues that Deutsche's reliance on the newly obtained and different manual does not support its claim of coverage and the document is unauthenticated extrinsic evidence, which is not part of the original pleadings. (ECF No. 28 at 9–10.) The Court agrees with Fidelity that Deutsche's reliance is both improper and unhelpful for the noted reasons. The Court finds Endorsement (CLTA Form) 115.2 does not extend coverage.[5]

In sum, the Court agrees with Fidelity that Deutsche does not state a claim for breach of contract because the Policy does not provide for coverage of the dispute relating to the HOA Sale.

### B. Breach of the Implied Covenant (Second and Third Claims)

As in *Wells Fargo II* and *HSBC*, Deutsche's breach of the implied covenant claims here are expressly predicated on the purported breach of contract (*see* ECF No. 1 at 9–11 (in gist stating that the breach of contract was for self-serving reasons)). Accordingly, the Court dismisses these claims as noted in those decisions. *Wells Fargo II*, 2019 WL 5578487 at * 4; *HSBC*, 2019 WL 5596392, at *4.

### C. Breach of Fiduciary Duties

The Court dismisses Deutsche's claim for breach of fiduciary duties (ECF No. 1 at 11–12) because that claim is not available here. *See id.*

///

///

///

---

[5]Again, the Court rejects Deutsche's argument that there is ambiguity in what is covered by Endorsement (CLTA Form) 115.2 based on the state trial court's decision noted *supra*. (ECF No. 23 at 25–26.) By extension, the Court is not persuaded by Deutsche's simultaneous contention that the Court should construe Endorsement (CLTA Form) 115.2 to provide coverage because Fidelity "could have" issued the ALTA form noted *supra* instead of Endorsement (CLTA Form) 115.2. (*Id.*) Parties are clearly free to choose the provisions governing their relationships; the Court's role is to simply interpret the chosen contractual provisions—not impose or incorporate "could haves".

### D. Violation of NRS § 686A.310

Deutsche's allegations regarding purported violation of NRS § 686A.310 (*see* ECF No. 1 at 12–13) are conclusory and devoid of factual support for the Court to infer more than a mere possibility of misconduct. Said differently, Deutsche "merely recites the pertinent statutory language of NRS § 686A.310[] without presenting any" supporting factual allegations. *Patel v. Am. Nat'l Prop. & Cas. Co.*, 367 F. Supp. 3d 1186, 1193 (D. Nev. 2019). Accordingly, the Court will dismiss this claim as insufficiently pleaded.

The Court recognizes that Deutsche has requested leave to amend this claim. (ECF No. 23 at 30.) Fidelity does not address the request for leave. (*See* ECF No. 28 at 11.) The Court will deny leave to amend because it appears amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (explaining considerations, including futility, for the courts in exercising discretion as to whether to grant a motion to amend).

Here, Deutsche does not expressly state in what way it would amend this claim. (*See* ECF No. 23 at 29–30.) At best, Deutsche reveals a position that "[t]o the extent that Fidelity issued the Endorsements with knowledge that the [DOT] was not protected from extinguishment from an HOA lien, Fidelity's conduct in issuing the Policy providing as such is a misrepresentation." (*Id.* at 29.) But the crux of the Court's findings herein is that the Policy makes no such offer of coverage. Further, considering the legal uncertainty around the effect of an HOA's lien pre-*SFR 1*'s 2014 decision, which this Court has grappled with in hundreds of foreclosure cases, it is unlikely that Deutsche can establish that Fidelity had knowledge that the DOT was not completely protected from extinguishment by an HOA's lien at the time it issued the Policy in 2006. For these reasons, the Court will dismiss this claim without leave to amend.

///

///

///

///

In sum, none of Deutsche's claims survives Fidelity's Motion. In light of the Court's findings, the claims as asserted against Lawyers Title will also be dismissed.[6]

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Fidelity's motion to dismiss (ECF No. 11) is granted. The Complaint is also dismissed against Defendant Lawyers Title as provided herein.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 2nd day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[6]Contrary to Fidelity's briefing (ECF No. 11 at 14 n.2), the claimed 2010 merger of Lawyers Title into Fidelity is not reflected in an exhibit attached to its Motion. Therefore, while Fidelity contends that the fact of that merger is judicially noticeable, Fidelity provides no document for the Court to judicially notice. (*See* ECF No. 23 at 13–15; ECF No. 28 at 12.) The Court nonetheless notes that Deutsche does not dispute that the merger occurred and that Lawyers Title was incorporated under Nebraska law at the time. (*See* ECF No. 23 at 30 (not disputing the merger although otherwise providing argument regarding Lawyers Title's dismissal).) Such merger would of course support dismissal of Lawyers Title from this action. *See* Neb. Rev. Stat. § 21- 2,167(a) ("When a merger becomes effective: . . . (2) The separate existence of every corporation or eligible entity that is merged into the survivor ceases; . . . [and] (4) All liabilities of each corporation or eligible entity that is merged into the survivor are vested in the survivor ."); *see also* NRS § 92A.250(1)(a) (providing that once a merger takes effect "the separate existence of every entity except the surviving entity ceases"); NRS § 92A.250(1)(d) ("The surviving entity has all of the liabilities of each other constituent entity.").

9