UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-2,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:19-cv-00468-MMD-CSD<br><br>ORDER |

## I. SUMMARY

This is a dispute about title insurance coverage that relates to a foreclosure sale by non-party Arrow Creek Homeowners Association ("HOA"). Before the Court are: (1) Defendant Fidelity National Title Insurance Company's motion to dismiss the operative First Amended Complaint (ECF No. 46 ("FAC")) (ECF No. 48);[1] (2) Plaintiff Deutsch Bank National Trust Company's motion for partial summary judgment (ECF No. 51 ("Plaintiff's Motion"));[2] and (3) Defendant's response to Plaintiff's Motion and countermotion for partial summary judgment (ECF No. 59 ("Defendant's Motion")).[3] As further explained below, the Court recently issued an order in a very similar case, *Wells Fargo Bank, N.A. v. Fidelity National Title Insurance Company*, ECF No. 52, Case No.

---

[1]Plaintiff filed a response (ECF No. 50) and Defendant filed a reply (ECF No. 53).

[2]Defendant's response is Defendant's Motion (ECF No. 59); Plaintiff filed a reply (ECF No. 65).

[3]Plaintiff filed a response (ECF No. 67) and Defendant filed a reply (ECF No. 70).

3:19-cv-00241-MMD-CSD (D. Nev. Sept. 20, 2022) ("*Wells Fargo*"). The reasoning in the Court's recent *Wells Fargo* decision applies in this case as well, and largely resolves the pending motions.

## II.  BACKGROUND

While Plaintiff and Defendant's Motions are both motions for partial summary judgment, the underlying facts of this case have not changed since the Court issued a prior order granting Defendant's motion to dismiss the original complaint. (ECF No. 31 ("Dismissal Order") at 1-3.) The Court accordingly incorporates by reference those background facts. (*Id.*)

The United States Court of Appeals reversed in part and vacated the Dismissal Order. (ECF No. 36 ("Memorandum").) The Ninth Circuit found the Court erred in declining to grant Plaintiff leave to amend the original complaint based on trade usage evidence Plaintiff first raised by attaching it to its response to Defendant's motion to dismiss. (*Id.* at 3-5.) The Ninth Circuit held that the extrinsic evidence—a copy of a Fidelity insurance claims manual—could support Plaintiff's claims, and thus ordered the Court to give Plaintiff the opportunity to amend. (*Id.*) The Ninth Circuit also noted that Nevada law permits courts to consider the custom and practice of the pertinent trade even when construing an unambiguous contract. (*Id.* at 4-5.)

In line with the Memorandum, the Court granted Plaintiff leave to amend upon remand. (ECF No. 42.) Plaintiff timely filed the FAC. (ECF No. 46.) The FAC contains claims for: (1) declaratory judgment (*id.* at 26-28); (2) breach of contract (*id.* at 28-29); (3) breach of the implied covenant of good faith and fair dealing (*id.* at 30-31); (4) deceptive trade practices (*id.* at 31-32); and (5) unfair claims practices in violation of NRS § 686A.310 (*id.* at 32-34). The FAC at issue in *Wells Fargo*, ECF No. 52 at 9, contained the same claims.

Moreover, Plaintiff attached the same trade usage evidence to the FAC that Wells Fargo did to the FAC in *Wells Fargo*. *Compare id.* at 4-6 (summarizing the trade usage

evidence attached to the FAC in that case) *with* (ECF Nos. 46-2, 46-3, 46-4, 46-5, 46-6, 46-7, 46-8, 46-9).

In addition, Plaintiff in this case asserts that Defendant should have—but did not—cover its loss under the California Land Title Association ("CLTA") 100(1)(a), or 100(2)(a), or American Land Title Association ("ALTA") 5, endorsements. (ECF No. 46 at 21-29.) The *Wells Fargo* order addresses the same three endorsements. *See Wells Fargo*, ECF No. 52 at 11-20. There, the Court found that CLTA 100(1)(a) covered the plaintiff's loss, but neither CLTA 1002(a) nor ALTA 5 did. *See id.* ALTA 5 is also known as CLTA 115.2 *see id.* at 3 n.4. The Court will refer to that endorsement as ALTA 5, and not CLTA 115.2, in this order.

Finally, the parties' arguments regarding dismissal of the plaintiffs' claims for breach of the implied covenant of good faith and fair dealing, deceptive trade practices, and unfair claims practices in violation of NRS § 686A.310 are also very similar, if not nearly identical, between the two cases, so, as also further explained below, the Court's *Wells Fargo* decision largely controls the analysis of those claims in this case as well. *Compare Wells Fargo*, ECF No. 52 at 21-24 *with* (ECF Nos. 48 at 19-23, 50 at 19-24).

Shifting from a comparison of the two cases entirely back to this one, Defendant moves to dismiss Plaintiff's first and second claims for declaratory judgment and breach of contract, arguing that neither CLTA 100(1)(a), CLTA 1002(a), nor ALTA 5 cover Plaintiff's loss. (ECF No. 48 at 10-19.) Defendant also moves to dismiss Plaintiff's extra-contractual claims. (*Id.* at 19-23.) Defendant further argues the Court should not grant leave to amend. (*Id.* at 23.) As noted, Plaintiff opposes the motion to dismiss and seeks leave to amend to the extent the Court dismisses any of its claims. (ECF No. 50.)

Plaintiff also seeks partial summary judgment in its Motion that either CLTA 100(1)(a) or CLTA 1002(a) covers its loss, and that coverage under either endorsement is not precluded by, "Exclusion 3(d) for post-policy liens and Schedule B Exception No. 6 for damages arising from the CC&Rs." (ECF No. 51 at 2.) In Defendant's Motion,

1  Defendant seeks a declaration that neither CLTA 100(1)(a) nor CLTA 1002(a) covers
2  Plaintiff's loss as a matter of law. (ECF No. 59 at 2.)
3        The Court now recites the legal standards governing motions to dismiss and for
4  summary judgment before resolving the parties' motions.

**IV.  DISCUSSION**

The parties' motions raise overlapping issues that largely turn on whether CLTA 100(1)(a), CLTA 100(2)(a), or ALTA 5 cover Plaintiff's loss. The Court accordingly addresses the overlapping coverage issues first, before addressing Defendant's motion to dismiss as to Plaintiff's extracontractual claims and finally whether it will grant Plaintiff leave to amend.

    **A.**    **Coverage**

As noted, the Court found in *Wells Fargo* that the CLTA 100(1)(a) endorsement covered the plaintiff's loss, but the CLTA 100(2)(a) and ALTA 5 endorsements did not. *See Wells Fargo*, ECF No. 52 at 11-20. The Court makes the same findings here for the reasons provided in that order. *See id.* After all, the allegations, arguments, and pertinent evidence attached to the FAC are substantially similar in this case to the materials the Court considered in *Wells Fargo*. And the endorsements are identical. *See supra* Section II.

Accordingly, Defendant's motion to dismiss is denied to the extent it is based on the argument that the CLTA 100(1)(a) endorsement does not cover Plaintiff's loss but granted to the extent it is based on the argument that the CLTA 100(2)(a) or ALTA 5 endorsements cover Plaintiff's loss.

Similarly, Plaintiff's Motion is granted to the extent it seeks a declaration that the CLTA 100(1)(a) endorsement covers Plaintiff's loss but denied to the extent it seeks a similar declaration that the CLTA 100(2)(a) endorsement does. And implicit in this finding is a finding that the policy's "Exclusion 3(d) for post-policy liens and Schedule B Exception No. 6 for damages arising from the CC&Rs" do not preclude coverage under CLTA 100(1)(a). (ECF No. 51 at 2.) To the extent necessary, the Court so declares.

Conversely, Defendant's Motion is granted to the extent it seeks a declaration that the CLTA 100(2)(a) endorsement does not cover Plaintiff's loss but denied to the extent it seeks a similar declaration that the CLTA 100(1)(a) endorsement does not.

### B.   Extra-Contractual Claims

The Court also incorporates by reference its discussion of the extra-contractual claims in the *Wells Fargo* order because the same analysis applies here as well. *See Wells Fargo*, ECF No. 52 at 21-24.

Like in *Wells Fargo*, the parties' arguments regarding Plaintiff's claim for breach of the implied covenant of good faith and fair dealing turn on whether the Court agrees that one of Plaintiff's proffered endorsements covers Plaintiff's loss or not. (ECF Nos. 48 at 19, 50 at 20-21 (making their arguments).) Because the Court declares that CLTA 100(1)(a) covers Plaintiff's loss, Plaintiff's claim for breach of the covenant of good faith and fair dealing may proceed, and Defendant's motion to dismiss is accordingly denied to the extent it seeks dismissal of that claim.

The parties' arguments regarding Plaintiff's deceptive trade practices claim are also substantially identical to the arguments the Court resolved in the *Wells Fargo* order, and the Court will accordingly resolve them in the same way it did in that case. (ECF Nos. 48 at 20-21, 50 at 22 (making their arguments).) *See also Wells Fargo*, ECF No. 52 at 21-22. Like in *Wells Fargo*, Defendant does not dispute that Plaintiff's original complaint was timely filed, but notes that the original complaint did not contain a deceptive trade practices claim and therefore argues that that the deceptive trade practices claim does not relate back, or alternatively that Plaintiff fails to state a claim. (ECF No. 48 at 20-21.) For the reasons provided in *Wells Fargo*, the Court disagrees. *See Wells Fargo*, ECF No. 52 at 21-22. The Court accordingly denies Defendant's motion to dismiss to the extent it seeks dismissal of Plaintiff's deceptive trade practices claim.

Finally, the parties' arguments regarding Plaintiff's NRS § 686A.310 claim are also substantially identical to the arguments the Court resolved in the *Wells Fargo* order,

and the Court will accordingly resolve them in the same way it did in that case. (ECF Nos. 48 at 21-23, 50 at 22-24 (making their arguments).) *See also Wells Fargo*, ECF No. 52 at 22-24. Like in *Wells Fargo*, there is no dispute here that Defendant formally denied Plaintiff's claim more than three years before Plaintiff filed its original complaint. (ECF Nos. 48 at 21, 50 at 22-24 (declining to dispute the dates it filed the original complaint or received Defendant's claim denial letter).) Thus, for the reasons provided in *Wells Fargo*, the Court dismisses Plaintiff's NRS § 686A.310 claim as time barred. *See Wells Fargo*, ECF No. 52 at 22-24. And Plaintiff makes the same arguments to resist this conclusion that the plaintiff did, and the Court rejected, in *Wells Fargo. See id.* (*See also* ECF No. 50 at 22-24.) The Court accordingly rejects those arguments for the same reasons it did in *Wells Fargo*. Defendant's motion to dismiss is granted to the extent it seeks dismissal of Plaintiff's NRS § 686A.310 claim.

### C.   Leave to Amend

Plaintiff seeks leave to amend if the Court dismisses any of its claims. (ECF No. 50 at 24-25.) Defendant contends that the Court should not grant leave to amend because Plaintiff has already had an opportunity to amend and any amendment would be futile. (ECF No. 48 at 23.) These arguments again present the Court with a situation similar to the situation it faced in *Wells Fargo*, and the Court will resolve these arguments consistently with the way it resolved them in *Wells Fargo. See Wells Fargo*, ECF No. 52 at 24-25.

As explained *supra*, Plaintiff may proceed with its first, second, third, and fourth claims to the extent they are based on Defendant's decision to deny coverage despite the fact that the CLTA 100(1)(a) endorsement covers Plaintiff's loss.

But for the reasons provided in *Wells Fargo*, the Court denies Plaintiff's request for leave to amend its claims to the extent they are based on the CLTA 100(2)(a) or the ALTA 5 endorsements—and denies Plaintiff's request for leave to amend its NRS § 686A.310 claim—as amendment would be futile. *See Wells Fargo*, ECF No. 52 at 24-25. Indeed, denying leave to amend to Plaintiff to the extent its claims are based on the

1  CLTA 100(2)(a) or the ALTA 5 endorsements is even more appropriate here than it was in *Wells Fargo* because the Court resolves Plaintiff's and Defendant's Motions in this order.

### V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 48) is granted in part, and denied in part, as specified herein.

It is further ordered that Plaintiff's motion for partial summary judgment (ECF No. 51) is granted in part, and denied in part, as specified herein.

It is further ordered that Defendant's counter motion for partial summary judgment (ECF No. 59) is granted in part, and denied in part, as specified herein.

It is further ordered that the CLTA 100(1)(a) endorsement covers Plaintiff's loss, but the CLTA 100(2)(a) and ALTA 5 endorsements do not.

It is further ordered that Plaintiff's NRS § 686A.310 claim is dismissed as untimely, with prejudice, as amendment would be futile.

DATED THIS 22nd Day of September 2022.

MIRANDA M. DU  
CHIEF UNITED STATES DISTRICT JUDGE