UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCH BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2007-2,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:19-cv-00468-MMD-CSD<br><br>ORDER |

This is a title insurance coverage and bad faith action arising from the sale of a house at a homeowners' association ("HOA") foreclosure sale. Plaintiff Deutsch Bank National Trust Company, as indenture Trustee for American Home Mortgage Investment Trust 2007-2, brought this action against Defendant Fidelity National Title Insurance Company for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of Nevada's Deceptive Trade Practices Act, and violation of NRS § 686A.310, generally challenging Defendant's decision not to cover a claim that Deutsch submitted to Fidelity. (ECF No. 46 (First Amended Complaint ("FAC")).) Before the Court are the parties' motions for reconsideration of a prior order. (ECF No. 84 ("Prior Order").)[1] (ECF Nos. 86, 89.)[2] Because the parties primarily re-argue arguments the Court considered and rejected in the Prior Order—and as further explained below—the Court will deny both motions.

---

[1] The Court refers herein to the amended version of the Prior Order (ECF No. 84), not the original version (ECF No. 81) that contained an irrelevant sentence (ECF No. 84 at 1 n.1).

[2] The Court also reviewed the parties' responses and replies. (ECF Nos. 88, 91, 93, 97.)

Fidelity seeks reconsideration of the Court's decision in the Prior Order that the CLTA 100(1)(a) endorsement covers Deutsch's loss, arguing that "the HOA liens at issue were created solely by statute, not the CC&Rs." (ECF No. 86 at 3.) Deutsch opposes Fidelity's motion (ECF No. 88) and seeks reconsideration of the Court's decision in the Prior Order that the ALTA 5[3] endorsement does not cover Deutsch's loss (ECF No. 89 at 9-14). Fidelity opposes Deutsch's motion. (ECF No. 93.)

As both sides are quick to point out about the other side's motion (ECF Nos. 88 at 2-7, 93 at 2-3),[4] the parties' pending motions primarily consist of arguments that the Court considered and ultimately found unpersuasive in the Prior Order (ECF Nos. 48 at 16 ("Only the statute created the super-priority status of the foreclosed lien."), 50 at 16-17 (making the same argument Deutsch raises in its motion for reconsideration)). Merely reasserting arguments the Court already rejected does not satisfy the reconsideration standard. *See Nunes*, 375 F.3d at 808; *see also Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.") (citation omitted). The Court does not find it clearly erred in its Prior Order, or that manifest injustice will result from it. *See Nunes*, 375 F.3d at 807-08.

Deutsch also argues that the Court did not address in the Prior Order the fact that the ALTA 5 endorsement at issue in this case contains additional language not present in the ALTA 5 endorsement at issue in the *Wells Fargo* case that the Court largely incorporated by reference in the Prior Order. (ECF No. 89 at 9-10.) But the Court finds Deutsch's argument insufficiently persuasive to warrant reconsideration. First, the Court

---

[3]This endorsement is also known as CLTA 115.2. (ECF Nos. 46 at 6, 89 at 11.)

[4]"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied*, 512 U.S. 1236 (1994)). Here, neither side argues that reconsideration is warranted because of newly discovered evidence or an intervening change in controlling law. (ECF Nos. 86, 89.) The parties instead argue the Court either clearly erred in, or manifest injustice will result from, the Prior Order. (*Id.*)

noted in the Prior Order that it was not addressing some arguments and cases immaterial to the Court's resolution of the motions addressed in the Prior Order. (ECF No. 84 at 7.) Second, even with the additional language, the ALTA 5 endorsement at issue in this case covers superpriority liens existing as a result of charges or assessments due at Date of Policy (ECF No. 46-1 at 12), and here, there were no delinquent charges or assessments at Date of Policy (in late 2006) because Borrowers did not stop making payments to the HOA for monthly assessments until sometime in 2010 (ECF No. 46 at 14 (noting policy issued in 2006), 18 (stating Borrowers stopped paying HOA dues in or around 2010)). The Court accordingly maintains its finding in the Prior Order that the ALTA 5 endorsement does cover Deutsch's loss.

And in its motion for reconsideration, Fidelity also argues the Court erred by granting partial summary judgment to Deutsch that the CLTA 100(1)(a) endorsement covers Deutsch's loss because it relied on unauthenticated documents in the Prior Order. (ECF No. 86 at 12-13.) But the law has changed since 1987, the publication date of the United States Court of Appeals for the Ninth Circuit's opinion upon which Fidelity relies. (*Id.* at 13.) Indeed, "the 2010 amendments to Federal Rule of Civil Procedure 56 'eliminate[d] th[is] unequivocal requirement' and mandate only that the substance of the proffered evidence would be admissible at trial." *Dinkins v. Schinzel*, 362 F. Supp. 3d 916, 923 (D. Nev. 2019). The substance of Deutsch's allegations and the trade usage evidence attached to the FAC upon which the Court relied—in part—in finding that the CLTA 100(1)(a) endorsement covers Deutsch's loss in the Prior Order could be presented in an admissible form at trial. The Court accordingly rejects as unpersuasive Fidelity's lack of authentication argument.

In sum, the Court denies both pending motions for reconsideration.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Fidelity's motion for reconsideration (ECF No. 86) is denied.

It is further ordered that Deutsch's counter motion for reconsideration (ECF No. 89) is denied.

DATED THIS 13th Day of February 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE